CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
IJEOMA U. EKE (Bar No. 331938)
(E-Mail: Ijeoma_Eke@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-3107
Facsimile: (213) 894-7556

Attorneys for Defendant
FELIX CISNEROS, JR.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FELIX CISNEROS, JR,<br>Defendant. | Case No. CR 17-229-CAS<br>**DEFENDANT FELIX CISNEROS, JR.'S POSITION REGARDING SENTENCING**<br>Hearing Date: April 26, 2021<br>Hearing Time: 2:00 p.m. |

Defendant Felix Cisneros, Jr., by and through counsel of record, Deputy Federal Public Defender Ijeoma U. Eke, hereby files his position regarding sentencing for the Court's consideration prior to sentencing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 12, 2021

By *Ijeoma U. Eke* (/s/)
IJEOMA U. EKE
Deputy Federal Public Defender
Attorney for Felix Cisneros, Jr.

## I. PROCEDURAL HISTORY

On April 23, 2018, Mr. Felix Cisneros, Jr. was convicted of: (1) conspiracy to aid and assist an inadmissible alien who had been conviction of an aggravated felony to enter the United States in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1182(a)(2); (2) acting as an agent of another before a department, agency, or officer in a covered matter affecting the United States in violation of 18 U.S.C. §§ 204(a)(2), 216(a)(2); (3) knowingly making a false entry in a record or document with the intent to impede, obstruct, or influence the investigation of a federal matter, in violation of 18 U.S.C. § 1519; and (4) knowingly and willingly making a false, fictitious, or fraudulent statement in a matter within the jurisdiction of the executive branch, in violation of 18 U.S.C. § 1001. ECF No. 105. As a result, on November 5, 2018, Your Honor sentenced Mr. Cisneros to 12 months and 1 day in custody and one year of supervised release. ECF No. 128. On August 31, 2020 the Ninth Circuit vacated Mr. Cisneros's conviction for acting as an agent of another before a department, agency, or officer in a covered matter affecting the United States, citing insufficiency of evidence to support a conviction. ECF No. 159.

Mr. Cisneros now appears before the Court for resentencing on the remaining counts. Mr. Cisneros incorporates by reference the position paper and exhibits submitted by previous counsel on October 29, 2018, ECF No. 124, and submits that in light of the circumstances, and his lack of prior criminal history, a non-custodial sentence is sufficient, but not greater than necessary, to meet the ends of sentencing.

## II. THE PRESENENCE INVESTIGATION REPORT

### A. Guideline Calculation

In the Amended Presentence Investigation Report (PSR), the United States Probation Office calculated Mr. Cisneros's advisory guideline range as 21 to 27 months based on a total offense level of 16 and a criminal history category of I. PSR ¶ 101. The defense continues to maintain that all three of Mr. Cisneros's convictions group, as agreed to by the Government, *See* Gov't Sent. Position, ECF No. 124, at 24, and that

the resulting offense level is 14, resulting in an advisory guideline range of 15-21 months. Additionally, while the defense agrees with Probation that Mr. Cisneros's nature and characteristics warrant a sentenced outside of the advisory guideline range, the defense asserts that a non-custodial sentence is warranted as argued in Mr. Cisneros's October 29, 2018 position paper.

## III. SENTENCING CONSIDERATIONS UNDER 18 U.S.C. § 3553(A)

### A. The Overarching Principle

What the Supreme Court has described as the "overarching provision" of 18 U.S.C. § 3553(a) is set forth in that provision's very first sentence—that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). This description by the Supreme Court makes clear that this "parsimony principle" is not mere precatory language, but is a key—in fact, the key—requirement that a sentence must satisfy. *See also Nelson v. United States*, 555 U.S. 350, 352 (2009) (per curiam) (reaffirming prior opinions stating that guidelines are not to be presumed reasonable); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (sentencing guidelines to be given no more weight than any other § 3553(a) factor).

When the factors set forth in 18 U.S.C. § 3553(a) are considered, a non-custodial sentence is sufficient, but not greater than necessary, to achieve the aims of sentencing.

### B. Mr. Cisneros's Personal History and Characteristics Warrant a Non-Custodial Sentence.

In addition to Mr. Cisneros's personal history and characteristics that were submitted and argued to the Court, Mr. Cisneros's post-incarceration further militates in favor of a non-custodial sentence. The Supreme Court has held that when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation, and that such evidence may support a downward variance from the federal sentencing guidelines range. *Pepper v. United States, 562* U.S. 476, 480 (2011). After being sentenced by

Your Honor, Mr. Cisneros completed his custody sentence and supervised release without incident. Since being released, Mr. Cisneros has been employed with GT Energy Company, spending the majority of his time working. When he is not at work, he spends his time with his family. Mr. Cisneros has not been involved in any criminal activity and continues to demonstrate his rehabilitation. While Mr. Cisneros has been charged with a new federal offense, it is not the result of new criminal activity. The allegations stem from incidents that occurred in 2015, two years prior to Mr. Cisneros's arrest in the instant matter. *See* No. 20-cr-00190-RGK. Therefore, based on Mr. Cisneros's history and characteristics, lack of criminal history, the vacating of one his convictions, and his post-release behavior, a non-custodial sentence is warranted.

## IV. CONCLUSION

For the foregoing reasons, Mr. Cisneros respectfully requests a non-custodial sentence.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 12, 2021 By *s/ Ijeoma U. Eke*

IJEOMA U. EKE
Deputy Federal Public Defender
Attorney for Felix Cisneros, Jr.